IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL RAY SMITH, JR.,

    Petitioner,                      No. CIV S-02-2666 WBS GGH P

   vs.

TOM L. CAREY, et al.,               ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) filed December 12, 2005.[1] For the following reasons, the court recommends that this motion be denied.

       Petitioner was convicted of robbery, was found to have suffered two previous serious convictions, and was sentenced under California's Three Strikes Law to twenty five years to life imprisonment with an enhancement of five years, making his sentence–from thirty years to life.

/////

---

[1] On December 19, 2005, the Honorable William B. Shubb referred this matter to the undersigned.

1          When petitioner filed this action, he was represented by counsel. The original petition raised several claims of ineffective assistance of counsel. In particular, petitioner argued that his counsel was ineffective for 1) failing to timely disclose evidence to the prosecutor; 2) failing to obtain and test for fingerprints on the purse of the robbery victim; 3) failing to prepare petitioner for testimony; 4) failing to adequately prepare for a <u>Romero</u> (striking priors) hearing. Petitioner also raised two other claims: 1) jury instruction error; and 2) his sentence constitutes cruel and unusual punishment.

         On October 4, 2004, this court recommended that the petition be denied. On November 24, 2004, petitioner, through counsel, filed objections to the findings and recommendations. On December 14, 2004, Judge Shubb adopted the findings and recommendations and judgment was entered. On December 20, 2004, petitioner, through counsel, filed a notice of appeal. On January 10, 2005, the court ordered petitioner to file within ten days a request for a certificate of appealability identifying the grounds he would pursue on appeal.

         Ten days passed and petitioner's counsel did not file a request for a certificate of appealability. Accordingly, on February 18, 2005, the district court issued a certificate of appealability as to petitioner's ineffective assistance of counsel claims only. On August 5, 2005, the Ninth Circuit Court of Appeals dismissed petitioner's appeal for his failure to file his opening brief.

         On December 12, 2005, petitioner himself filed the pending request for relief from judgment. Petitioner argues that his sentence violates the Eighth Amendment based on the Ninth Circuit's decision in <u>Ramirez v. Castro</u>, 365 F.3d 755 (9th Cir. 2004). Petitioner also argues that his counsel was ineffective in failing to move to strike one of his two prior convictions on grounds that they were part of a single act. This argument has not been previously raised.

/////

/////

To the extent petitioner is raising new claims, he must seek permission from the Ninth Circuit Court of Appeals before bringing new claims in the district court. 28 U.S.C. § 2244(b). To the extent petitioner is attempting to re-argue the merits of his previously raised claims, in essence petitioner is asking this court to overturn the default of his appeal in the Ninth Circuit. This court does not have the authority to review a default that occurred in the appellate court. See Ackermann v. United States, 340 U.S. 193, 198, 71 S.Ct. 209, 211 (1950)(a party that makes a deliberate choice not to appeal a court order cannot seek relief under Fed. R. Civ. P. 60(b) when it becomes apparent in hindsight that the decision not to appeal was wrong); Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338 (9th Cir. 1981)(the relief under Fed. R. Civ. P. 60(b) is not meant to be a substitute for an appeal). For these reasons, the court recommends that petitioner's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b) be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve these findings and recommendations on petitioner himself; and

IT IS HEREBY RECOMMENDED that petitioner's request for relief from judgment pursuant to Fed. R. Civ. P. 60(b) filed December 12, 2005, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////
/////

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: 2/6/06

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

7  sm2666.60(b)